UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA,<br><br>Plaintiff,<br><br>-v-<br><br>NBCUNIVERSAL MEDIA, LLC, and DOES 1 – 200,<br><br>Defendant. | Case No. 1:23-cv-87<br><br><br>**COMPLAINT**<br><br><br>**Jury Trial Demanded** |

# INTRODUCTION

1.  Plaintiff AFM brings this action against Defendant NBC and Does 1-200 under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for breaches of a collective bargaining agreement known as the AFM Television Videotape Agreement, and pursuant to state common law contracts under which AFM is a third-party beneficiary. AFM seeks money damages on behalf of itself and the musicians it represents for NBC's violations of the Agreement, and pursuant to written agreements between NBC and others that are made expressly for the benefit of AFM.

# JURISDICTION AND VENUE

2.  This Court has jurisdiction of the subject matter of this suit and the named parties pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), as this is an action for violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

3.  Supplemental jurisdiction over AFM's common law claims and the Doe Defendants lies pursuant to 28 U.S.C. § 1367(a), as they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

## PARTIES

5. AFM is an international labor organization incorporated in the state of California. AFM's principal office is located at 1501 Broadway in New York City. AFM represents employees in an industry affecting commerce as defined in the Labor Management Relations Act.

6. NBC is a Delaware limited liability company with a principal office located at 30 Rockefeller Plaza in New York City. NBC is an employer within the meaning of the Labor Management Relations Act.

7. Does 1 – 200 are featured artists' agents and record labels who are parties to licensing agreements, or "Booking Sheets", with NBC concerning such artists' appearances on NBC programs. AFM does not now know the true names of the Doe Defendants, and therefore sues these Defendants by such fictitious names. Each of the Doe Defendants has expressly agreed to be responsible for certain conduct alleged herein.

## STATEMENT OF FACTS

8. AFM and NBC are parties to a collective bargaining agreement known as the AFM Television Videotape Agreement. A true and correct copy of the Agreement, including applicable extension and modification agreements, is filed as Complaint Exhibit 1.

9. NBC is a producer and broadcaster of live and recorded network television content, such as late night talk shows, variety shows, news, and sports broadcasts.

10. NBC employs side musicians, music preparation musicians, leaders, and contractors represented by AFM in the production, recording, and broadcasting of its live television programs, including *Today*, *The Kelly Clarkson Show*, *Saturday Night Live*, *The Tonight Show Starring Jimmy Fallon*, and *Late Night with Seth Meyers*. Such employment is governed by the terms of the Agreement.

11. Does 1 – 200 are various featured artists' managing agents or record labels who contract with NBC through so-called "Booking Sheets" promulgated by NBC for such artists' live and/or recorded appearances on NBC programs.

12. NBC has required that all Doe Defendants sign its Booking Sheet prior to every featured artist's appearance on an NBC program. AFM is informed that the Booking Sheet provides in relevant part as follows:

> Please note that in the event you chose [*sic*] to provide us with backing tracks, incomplete tracks, or any recordings for your performance; or any materials like images or set design, you agree to be responsible for, and indemnify us, for any claims, including from AFM or SAG-AFTRA, arising from our use of such recordings or materials.

13. The Booking Sheets are valid and binding contracts between NBC and the Doe Defendants.

14. The Booking Sheet language cited in Paragraph 12 above is intended for the benefit of AFM.

15. The benefit to AFM contained in the Booking Sheets is not incidental, but rather sufficiently immediate to indicate the assumption of a duty to compensate AFM if the benefit is lost.

16. Defendants have violated and continue to violate the Agreement and the responsibilities assumed by them by failing to render payment to covered musicians of all wages and allied benefits required by the Agreement, including for the use of backing tracks, incomplete tracks, and pre-recorded material for featured artists' performances. Subject to further discovery and investigation, AFM is informed that these violations include, but may not be limited to, the specific breaches reflected in AFM's attached Complaint Exhibit 2.

17. Defendants' pattern of evasion of their contractual obligations is facilitated by their persistent failure to ensure the engagement of a qualified contractor to perform, or to assign the orchestra leader to perform, the contractor duties required by the Agreement.

18. Agreement Exhibit I, section B.1., sets forth the circumstances under which a contractor, either playing or non-playing, must be engaged, and the minimum scale wage for such contractor. ECF Doc. 1-1, p. 24 of 79.[1]

19. Agreement Exhibit I, section B.2., sets forth the duties of the contractor, which include reporting covered sessions to the AFM affiliated Local in whose jurisdiction the work takes place prior to putting out the call to musicians, completely and accurately filing out B Report Forms, and timely filing a copy of such B Report Forms with the relevant Local. ECF Doc. 1-1, p. 25 of 79.

20. When a contractor is not required, the leader is responsible for the performance of these duties. *Id.*

21. Completed B Report Forms state the type of session for which musicians are called; the date and location of the session; the title and episode of the program; the musicians, leaders, and contractors engaged for such session; the wages paid to each musician, leader, and contractor; the allied pension and health and welfare contributions made; and other pertinent information necessary for AFM to administer and enforce the Agreement. AFM must have this information in order to timely and effectively confirm Defendants' compliance with the Agreement.

22. Defendants' failure to abide Agreement Exhibit I, sections B.1. and B.2., impairs AFM's right of access to the studio, which is required by Article 15 of the Agreement. ECF Doc 1-1, p. 19 of 79. Without prior notice of the date and location of a session covered by the Agreement, AFM cannot avail itself of its right of access to the studio as necessary for the proper conduct of its business.

23. Thus, Defendants' failure and refusal to engage a contractor or the orchestra leader to give prior notice of and access to sessions covered by the Agreement and to timely file complete and

---

[1] Page numbers refer to the pagination in the header automatically generated by the Court's CM/ECF system.

accurate B Report Forms is calculated to, and does, hamper AFM's ability to effectively and efficiently administer the Agreement.

24. Agreement Exhibit I, section P., provides for late payment penalties if the Defendants fail to pay musicians within fifteen (15) business days of the performance of covered services. ECF Doc. 1-1, p. 30 of 79. Delinquent payment penalties do not apply to payments that have not been made by reason of a bona fide dispute as to the amount due, notice of which the Defendants must submit to AFM within five (5) business days following the receipt of a bill from the relevant AFM local union. *Id.*, section (g)(i).

25. AFM local unions cannot bill Defendants for sessions about which they have no knowledge or insufficient knowledge. As such, by their persistent failure to ensure fulfillment of the contractor duties imposed by the Agreement, Defendants have evaded their obligation either to timely pay or to timely raise a bona fide dispute (if any) as to the amount due, which has deprived musicians of liquidated damages to which they are entitled for delayed wage payments.

26. NBC and one or more Doe Defendants have failed in numerous instances to pay at least the minimum scale wages owed to musicians for broadcasts of *The Kelly Clarkson Show* and *Today* as provided in Agreement Exhibit I, section A. 2. ECF Doc. 1-2, nos. 10-17, 19-78, 98-100, 186.

27. NBC and one or more Doe Defendants have failed in numerous instances in connection with *The Kelly Clarkson Show*, *Tonight Show with Jimmy Fallon*, *Late Night with Seth Meyers*, and *Today* to pay the leader or single musician premium owed as provided in Agreement Exhibit I, section A. 2. ECF Doc. 1-1, p. 21 of 79; ECF Doc. 1-2, nos. 1-102, 117, 120, 174, 178, 180-181, 186.

28. NBC has breached numerous provisions of the Agreement in connection with the 2021 Christmas special episode of *The Kelly Clarkson Show*. In addition to failing to engage and pay contractors and leaders, NBC failed to pay wage premiums owed for work performed beyond an eight

(8) hour spread and/or for work performed between 12:00 midnight and 8:00 a.m. as required by Agreement Exhibit I, section G.  ECF Doc. 1-1, p. 27 of 79; ECF Doc. 1-2, no. 97.

29. NBC further failed to pay meal penalties owed for requiring musicians engaged for the Kelly Clarkson Christmas special to work more than six (6) consecutive hours without a meal break, in violation of Agreement Exhibit I, section H.  ECF Doc. 1-1, p. 27 of 79; ECF Doc. 1-2, no. 97.

30. Also in connection with the Kelly Clarkson Christmas special, NBC failed to pay music preparation personnel all wages owed for orchestrations as required by Agreement Exhibit III, section B. (3), and failed to pay at least the equivalent of a four (4) hour call at the applicable hourly rate for each job assignment as required by Agreement Exhibit III, section E. (4).  ECF Doc. 1-1, pp. 37 and 43 of 79; ECF Doc. 1-2, no. 97.

31. NBC and one or more Doe Defendants have failed on numerous occasions in connection with *The Kelly Clarkson Show, Today, Tonight Show with Jimmy Fallon*, and *Late Night with Seth Meyers* to pay musicians for pre-recorded material as required by Agreement Exhibit I, section A. 6. ECF Doc. 1-1, p. 23 of 79; ECF Doc 1-2, nos. 2, 4, 7, 8, 10-78, 84-87, 89, 90, 92-96, 98-101, 104-116, 118, 120, 128, 131, 132, 134, 138, 141-171, 178, 181, 186.

32. Subject to further discovery, AFM is informed that NBC and one or more Doe Defendants have failed on numerous occasions in connection with *The Kelly Clarkson Show, Today, Tonight Show with Jimmy Fallon*, *Late Night with Seth Meyers*, and *Saturday Night Live* to pay musicians for incomplete track uses as required by Agreement Exhibit I, section X.  ECF Doc. 1-1, p. 35 of 79; ECF Doc. 1-2, nos. 1-186.

33. In connection with *Saturday Night Live*, NBC has failed to pay musicians for all instrumental doublings as required by Agreement Exhibit I, section C.  ECF Doc. 1-1, p. 25 of 79; ECF Doc. 1-2, *inter alia*, no. 185.

6

34. To the extent Defendants have failed to pay all wages owed under applicable provisions of the Agreement, they also have failed to pay all allied benefits, including pension and health and welfare benefits, as required by: (i) Agreement Article 7; and (ii) Agreement Exhibit I, section E.  ECF Doc. 1-1, pp. 7, 26 of 79.

CAUSES OF ACTION

**Count One - 29 U.S.C. § 185(a)**
**Breach of a Labor Agreement**
**Against Defendant NBCUniversal Media, LLC**

35. AFM incorporates all allegations contained in the above-numbered paragraphs 1 through 34.

36. NBC has violated the following provisions of the AFM Television Videotape Agreement in numerous instances as reflected in Complaint Exhibit 2, nos. 1 through 186:

   i. Article 7 (Pension Welfare Funds);

   ii. Article 15 (Access to the Studio);

   iii. Exhibit I, section A.2. (Basic Rates);

   iv. Exhibit I, section A.2. (Leader or Single Musician Premium);

   v. Exhibit I, section A.6. (Rehearsal Conditions—pre-records);

   vi. Exhibit I, section B.(1) and (2) (Contractor);

   vii. Exhibit I, section C. (Doubling);

   viii. Exhibit I, section E. (Health and Welfare Fund Contribution);

   ix. Exhibit I, section G. (Premium Pay);

   x. Exhibit I, section H. (Meal Periods);

   xi. Exhibit I, section P. (Late Payment Penalties);

   xii. Exhibit I, section X. (Incomplete Tracks);

   xiii. Exhibit III, section B.(3) (Page rates for orchestrators); and

  xiv. Exhibit III, section E. (4) (Minimum pay no less than 4-hour call).

 37. NBC's conduct has caused AFM and the musicians it represents to suffer economic damages in an amount to be determined at trial. AFM and represented musicians are entitled to an award of actual damages sufficient to compensate them for all harm caused by NBC's breach of contract, including late payment liquidated damages and/or pre- and post-judgment interest.

**Count Two**
**Breach of Contract (Plaintiff as Third-Party Beneficiary)**
**Against Does 1-200**

 38. AFM incorporates all allegations contained in the above-numbered paragraphs 1 through 37.

 39. Does 1 through 200 are parties to valid and binding contracts with NBC.

 40. The contracts between NBC and Does 1 through 200 contain the Doe Defendants' express agreement to be responsible for claims made by AFM arising from uses of backing tracks, incomplete tracks, and recordings on NBC programs.

 41. The benefit to AFM in such contracts is sufficiently immediate to indicate the assumption of a duty to compensate AFM for loss of the benefit.

 42. Does 1 through 200 are liable to AFM for their uses of backing tracks, incomplete tracks, and recordings in NBC programs, which uses were in derogation of obligations they expressly assumed for the benefit of AFM. AFM and the musicians it represents therefore are entitled to an award of actual damages sufficient to compensate them for all harm caused by the Doe Defendants' conduct, including late payment liquidated damages and/or pre- and post-judgment interest.

JURY DEMAND

AFM demands a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff AFM prays for judgment as follows:

a. Judgment in AFM's favor against all Defendants;

b. An award of all actual damages to AFM and the musicians it represents in an amount to be determined at trial;

c. Liquidated damages;

d. Pre-judgment and post-judgment interest;

e. An order awarding AFM all additional relief the Court may deem just and equitable.

Dated: New York, New York
       January 5, 2023

Respectfully submitted,

AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA

By: */s/ Jennifer P. Garner*
    Jennifer P. Garner
    American Federation of Musicians
    of the United States and Canada
    1501 Broadway, 9th Floor
    New York, New York 10036
    Telephone: (917) 229-0290
    Facsimile:  (212) 768-7452
    jgarner@afm.org

*Attorney for Plaintiff*